UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHUKI P. DAVIS,

    Petitioner,

-vs-                                                            Case No. 6:10-cv-886-Orl-28GJK

SECRETARY, DEPARTMENT
 OF CORRECTIONS, et al.,

    Respondents.

_____/

## ORDER

This case is before the Court on Petitioner's amended petition for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 9). Upon consideration of the amended petition, the Court ordered Respondents to show cause why the relief sought in the amended petition should not be granted. Thereafter, Respondents filed a response to the amended petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 13). Petitioner filed a reply to the response (Doc. No. 22).

Petitioner alleges four claims for relief in his habeas petition: 1) trial counsel was ineffective for failing to object to the State's closing argument; 2) trial counsel was ineffective for failing to move to suppress the tape recorded conversation between the victim and Petitioner; 3) trial counsel was ineffective for failing to hire a voice analyst to

testify regarding Petitioner's voice on the tape recording; and 4) trial counsel was ineffective for failing to object to the admission of the tape recording at trial.

## I. *Procedural History*

Petitioner was charged by information with two counts of sexual activity with a child (familial/custody) (counts one and two) and two counts of sexual activity with a 16 or 17 year old child (counts three and four). A jury trial was held, and the victim, Petitioner's daughter, testified as to the crimes committed by Petitioner. In addition, a telephone conversation between Petitioner and the victim, which had been recorded and in which Petitioner made incriminating statements, was admitted into evidence. The victim identified Petitioner's voice on the recording.

The jury found Petitioner guilty as to all counts, but the State thereafter entered a *nolle prosequi* as to counts three and four because of Double Jeopardy concerns. The trial court subsequently adjudicated Petitioner guilty of the crimes and sentenced him to imprisonment for a term of twenty-five years as to each count, with the sentences to run concurrently. Petitioner filed a direct appeal with the Florida Fifth District Court of Appeal, which affirmed *per curiam*.

On June 25, 2007, Petitioner filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 with the state trial court, which was dismissed without prejudice on January 16, 2008, because it was legally insufficient.

He then filed another Rule 3.850 motion on April 4, 2008, which was later amended, and the trial court entered an order on April 3, 2009, denying all of the claims in the motion

and the amendment thereto. The state appellate court affirmed the denial *per curiam*.[1]

Petitioner subsequently filed another Rule 3.850 motion on April 10, 2009, with the state trial court, which was denied on May 4, 2009, as untimely. It is not clear from the record whether Petitioner appealed the denial.[2]

On January 30, 2009, Petitioner filed a motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800 with the state trial court, which was denied on February 3, 2010. The state appellate court affirmed the denial *per curiam*.

On May 4, 2009, Petitioner filed another Rule 3.850 motion with the state trial court, which was denied on November 3, 2009. The state appellate court affirmed the denial *per curiam*.

Petitioner next filed two separate petitions for writ of mandamus with the state appellate court, which were dismissed as moot. Finally, Petitioner filed a petition for writ of habeas corpus with the state appellate court, which was dismissed for lack of jurisdiction.

## II. Legal Standards

### A. Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a

---

[1] These proceedings will be referred to as the "second Rule 3.850 proceedings."

[2] The trial court, in its February 3, 2010, order denying Petitioner's motion to correct illegal sentence mentioned that the appeal of the May 4, 2009, was pending. However, the disposition of the appeal was not in the record.

claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable."[3] *Id.*

---

[3] In considering the "unreasonable application" inquiry, the Court must determine "whether the state court's application of clearly established federal law was objectively

4

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

## B. Standard for Ineffective Assistance of Counsel

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[4] *Id.* at 687-88. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the

---

unreasonable." *Williams*, 529 U.S. at 409. Whether a state court's decision was an unreasonable application of law must be assessed in light of the record before the state court. *Holland v. Jackson*, 542 U.S. 649, 652 (2004) (*per curiam*); *cf. Bell v. Cone*, 535 U.S. 685, 697 n. 4 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).

[4]In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the United States Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989)

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

### III. *Analysis*

### A. *Claim One*

Petitioner argues that trial counsel was ineffective for failing to object to the State's closing argument. Petitioner identifies the following remarks made by the prosecutor during closing argument:

> Ladies and gentlemen, thank you for your time and your attention during this trial. You have now heard evidence in a case that no one likes to think these things happen. No one likes to think their fathers sexually abuse their daughters. But it happened, and it happened in this case.
>
> How do we know that? Because we know that from the testimony of

6

> Natasha Thompson. She took the stand and told you what happened with her father.
>
> ...
>
> ... We don't know the very, very particular date, Natasha Thompson narrowed it down as well as she could. What's she going to remember, the act or the exact date that it happened? People remember their first kiss. People remember various things in their lives, but they might not remember the exact date that it happened. But they remember what sticks out. And what's naturally going to stick out to her, the date, or that her father crawls into bed with her and assaults her? Of course she's going to remember, and she gave that in great detail on what happened.

(Appendix B, Transcript of Trial at 117-18, 120-21.) Petitioner states that these remarks were designed "to inflame the minds and passions of the jurors." This claim was raised in Petitioner's second Rule 3.850 proceedings, and it was denied because there had been no showing that the comments were improper or that Petitioner sustained prejudice.

In criminal trials, the prosecution is given wide latitude in both the language and in the manner or presentation of closing argument, as long as the argument is consistent with the evidence. *See Breedlove v. State*, 413 So. 2d 1, 8 (Fla. 1982). The comments in this case were consistent with the evidence and were not improper, and counsel did not act deficiently by failing to raise an objection to the comments. In addition, this claim must also be rejected because, even if the comments in closing argument were improper, they were not so prejudicial as to deny Petitioner a fair trial. Consequently, Petitioner has not shown either deficient performance or the resulting prejudice, and this claim is without merit.

Accordingly, the state trial court's denial of this claim did not constitute a decision

that was contrary to or an unreasonable application of clearly established federal law. Therefore, Petitioner is not entitled to habeas relief on this claim.

## B. *Claims Two and Four*

Petitioner contends in claim two that trial counsel was ineffective for failing to move to suppress the tape recorded conversation between the victim and Petitioner and in claim four that trial counsel was ineffective for failing to object to the admission of the tape recording at trial. He states that there was no evidence that 1) "the recording accurately reproduced the voice of the participants' voices in the conversation," 2) the male voice on the recording was Petitioner's, and 3) the recording device was operating properly or was accurate. These claims were raised in Petitioner's second Rule 3.850 proceedings and were denied.

At trial, the victim testified that she had listened to the recording of the telephone call that she had made with Petitioner, and she identified the speakers on the audiotape as Petitioner and herself. (Appendix B, Transcript of Trial at 42-46.) She also testified that the recording was a fair and accurate representation of the telephone conversation she had with Petitioner. *Id.* at 49. Further, Detective Carly Friedman, a sex crimes investigator with the Orange County Sheriff's Office who worked on this case, testified as to the procedures used to record the telephone conversation. *Id.* at 73-75.

It is clear that the tape recording was properly authenticated and admissible, and Petitioner provides no legal support for his contention that counsel should have moved to suppress the tape recording or otherwise objected to its admissibility. Petitioner simply

8

has failed to show that counsel had a reasonable basis for objecting to the admission of the tape recording. Under the circumstances, the Court finds that counsel was not deficient with regard to this matter. As a result, Petitioner has not shown that the state court's denial of these claims was contrary to, or involved an unreasonable application of, clearly established federal law or was based on an unreasonable determination of the facts in light of the evidence. Thus, these claims are denied.

C. *Claim Three*

Petitioner asserts that trial counsel was ineffective for failing to hire a voice analyst to testify regarding Petitioner's voice on the tape recording. This claim was raised in Petitioner's second Rule 3.850 proceedings and was denied.

As discussed above, the victim testified that she placed the telephone call to Petitioner, and she identified the voice as belonging to Petitioner. Although Petitioner contends that counsel should have hired a voice analyst to testify, he does not identify a particular expert whose testimony counsel should have obtained, nor has he established that an expert would have been available and willing to testify at his trial. Petitioner has merely speculated as to what testimony an expert might have offered, and such speculation is insufficient to establish ineffective assistance of counsel.

Further, the use of an expert witness is generally considered within the realm of counsel's discretion of trial strategy. The Court finds that counsel's failure to seek expert testimony with regard to this matter was a decision well within "the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Consequently, the Court

finds that counsel acted reasonably with regard to this matter.

Petitioner also mentions that counsel should have investigated whether the recording device was operating properly and whether it was being operated by a qualified individual. However, aside from speculation and conjecture, Petitioner presents no evidence that the recording device was malfunctioning or that the recording itself was in any manner defective. There has been no showing that counsel acted deficiently with regard to this matter.

As such, the state court's rejection of this claim was not contrary to, nor did it involve an unreasonable application of, clearly established Supreme Court precedent, nor was it based upon an unreasonable determination of the facts in light of the evidence presented

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Amended Petition for Writ of Habeas Corpus (Doc. No. 9) filed by Chuki P. Davis is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3. This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to make a substantial showing of the denial of a

constitutional right.[5] Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE AND ORDERED** in Chambers in Orlando, Florida, this 20 day of September, 2011.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-2 9/19
Counsel of Record
Chuki P. Davis

---

[5]Pursuant to Rule 11 of the *Rules Governing Section 2254 Cases In the United States District Courts,*

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.